IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | | |
|---|---|---|
| JOSE DAMIAN CASERES ORTIZ | * | |
| A/K/A JOSE CABES | * | |
| 8757 Georgia Avenue, Suite 400 | * | |
| Silver Spring, Maryland 20910 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| GROUPCAM, LLC | * | |
| 6917 Arlington Road, Suite 310 | * | |
| Bethesda, Maryland 20814 | * | |
| | * | |
| SERVE:  Thomas DeCaro, Esq. | * | |
| Decaro & Howell, P.C. | * | |
| Upper Marlboro, Maryland 20772 | * | |
| | * | |
| And | * | |
| | * | |
| ARNOLD GORDON | * | |
| 6917 Arlington Road, Suite 310 | * | |
| Bethesda, Maryland 20814 | * | |
| | * | |
| And | * | |
| | * | |
| STEVE RUBIN | * | |
| 6917 Arlington Road, Suite 310 | * | |
| Bethesda, Maryland 20814 | * | |
| | * | |
| Defendants. | * | |

**********************************************************************

<u>**CLASS AND COLLECTIVE ACTION COMPLAINT**</u>

Plaintiff Jose Damian Caseres Ortiz a/k/a Jose Cabes ("Plaintiff"), individually and on

behalf of other similarly situated individuals, files suit against Defendants GroupCAM, LLC

("GROUPCAM") and its co-founders and primary owner and operators, Arnold Gordon

("Gordon") and Steve Rubin ("Rubin") (collectively, "Defendants"), and herein seeks recovery

of unpaid wages, statutory damages, costs, and attorney's fees against Defendants, jointly and

severally, for violations of the Federal Fair Labor Standards Act ("FLSA"), the Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Alexandria, Virginia.

2.      GROUPCAM is a limited liability company, formed under the laws of the State of Maryland, operating out of a principal office Bethesda, Maryland, within Montgomery County, Maryland.

3.      GROUPCAM is a commercial shopping center maintenance company and service business providing vacuum power sweeping, porter service, and a wide variety of both interior and exterior repair and maintenance services to owners, developers and property managers throughout the Washington, D.C. Metropolitan Area (including DC, Maryland, and Northern Virginia), Baltimore, and the Frederick Metropolitan Areas.

4.      During the period relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5.      During the period relevant to this action, Defendants used tools and materials in its business operation that passed across state lines in interstate commerce.

6.      During the period relevant to this action, Plaintiff (and other employees of Defendants) regularly used tools and materials in the performance of their job duties for Defendants that passed across state lines in interstate commerce.

7.      Gordon and Rubin are, on information and belief, adult residents of Montgomery County, Maryland.

2

8.      At all times relevant, Gordon and Rubin were the founders, primary owners, and managing members of GROUPCAM.

9.      At all times relevant, Gordon and Rubin were the individuals primarily responsible for administering and controlling the day-to-day operations of GROUPCAM.

10.     At all times relevant, Gordon and Rubin were the most senior managers and supervisors for Plaintiff and the other similarly situated individuals.

11.     At all times relevant, Gordon and Rubin were the individual that set and supervised Plaintiff's work duties and work schedules and the work scheduled of other similarly situated individuals.

12.     At all times relevant, Gordon and Rubin were the individuals that set the rate and method of compensation for Plaintiff and other similarly situated individuals.

13.     At all times relevant, Gordon and Rubin had the power and authority to modify the rate and method of compensation for Plaintiff and for other similarly situated individuals.

14.     At all times relevant, Gordon and Rubin had the power and authority to hire, fire, and otherwise subject Plaintiff and other similarly situated individuals to workplace discipline.

15.     At all times relevant, Gordon and Rubin were the individually in charge of keeping and maintaining all employment records related to Plaintiff and other similarly situated individuals.

16.     At all times relevant, Defendants made and enforced decisions relating to work duties, work schedules, work hours, and rate and method of compensation for Plaintiff and other similarly situated individuals from Defendants' principal office location in Montgomery County, Maryland.

17.     At all times, Defendants processed and paid payroll (or provided such information to a third-party payroll vendor) for the benefit of Plaintiff and the other similarly situated individuals from Defendants' principal office location in Montgomery County, Maryland.

18.     At all times, Defendants communicated, provided work-related instructions, and discussed payroll and related questions with Plaintiff and other similarly situated individuals from Defendants' principal office located in Montgomery County, Maryland.

19.     At all times, each of the Defendants, individually and collectively, qualified as Plaintiff and all similarly situated individuals' "employer" or "joint employer" under the FLSA, MWHL, and MWPCL.

20.     At all times, Plaintiff and all similarly situated individuals qualified as Defendants' "employees" with rights, protections, and privileges under the FLSA, MWHL, and the MWPCL.

21.     This Court has Subject Matter Jurisdiction over Plaintiff and other similarly situated individual's claims and this action because Plaintiff and other similarly situated individuals' claims against Defendants raise a Federal Question and arise under a Federal Statute, the FLSA.

22.     This Court properly confers Supplemental Jurisdiction over Plaintiff and other similarly situated individuals' interrelated MWHL and MWCPL Maryland state law claims alleged herein.

23.     Pursuant to the foregoing, Jurisdiction and Venue are proper in the United States District Court for the District of Maryland, Greenbelt Division.

## FACTS AS TO PLAINTIFF

24.     Plaintiff was employed by Defendants to perform laborer / helper duties related to parking lot sweeping and cleaning for properties belonging to Defendants' clients during the period of about 2004 through about Mid-February 2022.

25.     During the months of April 2019 through about December 2020, Plaintiff customarily worked six (6) days per week, from about 7:00 / 7:30 PM until about 4:30 / 5:00 AM (an average of about 55-60 hours per week).

26.     During the period of about January 2021 through about Mid-February 2022, Plaintiff customarily worked five (5) days per week, from about 7:00 / 7:30 PM until about 4:00 / 5:00 AM (an average of about 45-50 hours per week).

27.     At all times relevant, Defendants had actual knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged, including overtime over 40 hours per week.

28.     At no time did Defendants ever pay Plaintiff at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours per week.

29.     At all times relevant, Plaintiff customarily commenced and concluded his daily work duties for the benefit of Defendant and Defendants' customers at Defendants' "lot" or "yard" location on Duke Street in Alexandria, Virginia, and generally performed duties along the same assigned route in Northern Virginia.

30.     At all times, Defendants paid Plaintiff at a "day rate" pursuant to which Defendants paid Plaintiff wages set by the number of days Plaintiff worked each pay period and without regard to the number of hours Plaintiff worked each day or each week.

31.     In the year 2019, Defendants customarily paid Plaintiff bi-weekly day rate wages in the amount of $950.00.

32.     In the years 2020 until Mid-February 2022, Defendants customarily paid Plaintiff bi-weekly day rate wages in the amount of $1,000.00.

33.     Calculated as a regular hourly rate by dividing total weekly wages by total weekly compensable hours worked, from March 2019 through December 2019, Defendants paid Plaintiff for all hours worked at an effective hourly rate between $8.00 - $8.50 per hour.

34.     Calculated as a regular hourly rate by dividing total weekly wages by total weekly compensable hours worked, from January 2020 through December 2020, Defendants paid Plaintiff for all hours worked at an effective hourly rate between $8.50 – $9.00 per hour.

35.     Calculated as a regular hourly rate by dividing total weekly wages by total weekly compensable hours worked, from January 2021 through Mid-February 2022, Defendants paid Plaintiff for all hours worked at an effective hourly rate between $10.50 - $11.00 per hour.

36.     At all times relevant, Defendants were required to comply with the labor and employment laws of the State of Maryland and of Montgomery County, Maryland, with regard to its entire workforce and regardless of whether Defendants' employees, including Plaintiff, performed employment duties within the State of Maryland and/or within Montgomery County, Maryland.

37.     At all times relevant, Defendants were required to pay Plaintiff and Defendants entire workforce earned wages at a rate of pay at least equal to the highest of (i) the Maryland Minimum Wage and (ii) the Montgomery County, Maryland Minimum Wage.

38.     At all times, Defendants had actual knowledge of the Maryland and Montgomery County, Maryland, Minimum Wage.

39.     At all times, Defendants had actual knowledge that Defendants were required under Maryland law to pay Plaintiff at a rate at least equal to the higher of the Maryland Minimum Wage and the Montgomery County, Maryland, Minimum wage.

40.     Notwithstanding Defendants' knowledge of illegality, at no time did Defendants ever pay Plaintiff at a rate at least equal to the Montgomery County, Maryland Minimum Wage.

41.     Notwithstanding Defendants' knowledge of illegality, at no time did Defendants ever pay Plaintiff at a rate at least equal to the Maryland Minimum Wage.

42.     At all times relevant, Defendants were required by the FLSA and Maryland law to pay Plaintiff at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours per week.

43.     At all times relevant, Defendants had actual knowledge that Defendants were required by the FLSA and Maryland law to pay Plaintiff for overtime worked over forty (40) hours per week at the time-and-one-half overtime rate.

44.     Notwithstanding Defendants' knowledge of illegality, Defendants violated the FLSA and Maryland overtime compensation mandate by failing to pay Plaintiff at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours per week.

45.     For the relevant 3-year statutory recovery period, Defendants owe Plaintiff unpaid wages (including earned overtime and minimum wage compensation) in the amount of approximately $50,000.00.

## FACTS COMMON TO THE CLASS / COLLECTIVE

46.     During the period April 2019 through the date of judgment in this action (the "Class Claim Period"), Defendants employed or continue to employ approximately forty (40) or more individuals to perform driver, laborer, and/or helper duties related to parking lot sweeping

7

and cleaning for Defendants' clients' properties in Maryland, Washington, D.C., and Northern Virginia (the "Class Members").

47.　　During the Class Claim Period, the Class Members regularly and customarily performed compensable job duties for the benefit of Defendants and Defendants' clients in excess of forty (40) hours per week.

48.　　During the Class Claim Period, Defendants had actual knowledge of all hours each Class Member worked each week and suffered or permitted Class Members to work overtime over 40 hours per week during the Class Claim Period.

49.　　At no time during the Class Claim Period did Defendants pay Class Members at the time-and-one-half rate overtime premium rate for overtime Class Members worked over forty (40) hours per week.

50.　　During the Class Claim Period, Defendants paid Class Members at a "day rate" for which Defendants paid Class Members wages set by the number of days the Class Members worked each pay period without regard to the number of hours Class Members worked each day or each week.

51.　　During the Class Claim Period, calculated as a regular hourly rate by dividing total weekly wages by total compensable hours worked, Defendants paid Class Members at effective rates between $8.00 - $12.00 per hour.

52.　　During the Class Claim Period, Defendants were required by Maryland law to pay Class Members at rates at least equal to the highest of (i) the Maryland Minimum Wage and (ii) the Montgomery County, Maryland Minimum Wage.

53.　　During the Class Claim Period, Defendants had actual knowledge of the Maryland and Montgomery County, Maryland, Minimum Wage.

8

54.     During the Class Claim Period, Defendants had actual knowledge that Defendants were required by Maryland law to pay Class Members at a rate at least equal to the higher of the Maryland Minimum Wage and the Montgomery County, Maryland, Minimum wage.

55.     Notwithstanding Defendants' knowledge of illegality, Defendants did not pay Class Members at a rate at least equal to the Montgomery County, Maryland Minimum Wage for each week each Class Member worked during the Class Claim Period.

56.     Notwithstanding Defendants' knowledge of illegality, Defendants did not pay Class Members at a rate at least equal to the Maryland Minimum Wage for each week each Class Member worked during the Class Claim Period.

57.     During the Class Claim Period, Defendants were required by the FLSA and Maryland law to pay each Class Member at the time-and-one-half rate for overtime Class Members worked over forty (40) hours per week.

58.     During the Class Claim Period, Defendants had actual knowledge Defendants were required by the FLSA and Maryland law to pay Class Members for overtime worked over forty (40) hours per week at the time-and-one-half overtime rate.

59.     Notwithstanding Defendants' knowledge of illegality, Defendants violated the FLSA and Maryland law overtime compensation mandate by failing to pay Class Members at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours per week.

60.     Defendants now owe Class Members (i) unpaid wages Minimum Wage Compensation equal to the difference between Class Members' effective rate of pay and the higher of the Maryland or Montgomery County, Maryland, Minimum Wage for non-overtime hours worked each week during the Class Claim Period and (ii) unpaid overtime wages due and

owing under the FLSA and Maryland law for overtime Class Members worked over forty (40) hours per week during the Class Claim Period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings his count for violations of the FLSA time-and-one-half overtime mandate as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all Class Members.

62.     Plaintiff and the Class Members (i) perform or performed driver, laborer, and/or helper duties related to parking lot sweeping and cleaning for Defendants' clients' properties in Maryland, Washington, D.C., or Northern Virginia during the Class Period; (ii) worked more than forty (40) hours in at least one (1) week during the Class Period; (iii) were paid by Defendants on a "day rate" basis; and (iv) were not paid by Defendants at the FLSA required time-and-one-half for all overtime hours worked over forty (40) hours per week.

63.     Plaintiff and the Class Members are owed unpaid overtime wages arising from Defendants' common and class-wide practice of (ii) paying Plaintiff and the Class Members at a "day rate" for all hours worked each week including overtime worked over forty (40) hours per week and (ii) failure to pay Plaintiff and the Class Members at the time-and-one-half FLSA required overtime premium rate for overtime worked over forty (40) hours per week.

64.     Plaintiff affirms his intent in the writing of this complaint to act as a plaintiff and class representative in this FLSA collective action and requests he be permitted to serve as representative on behalf of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## MWHL/MWPCL CLASS ACTION ALLEGATIONS

65.      Plaintiff brings his counts for violations of the MWHL and MWPCL as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the MWHL and MWPCL.

66.      Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiff.

67.      The MWHL Overtime Proposed Class:  All individuals that perform or performed driver, laborer, and/or helper duties related to parking lot sweeping and cleaning for Defendants' clients in Maryland, Washington, D.C., or Northern Virginia during the Class Period who (i) worked more than forty (40) hours in at least one (1) week during the Class Period; (ii) were paid by Defendants on a "day rate" basis; and (iii) were not paid by Defendants at the MWHL required time-and-one-half for all overtime hours worked over forty (40) hours per week.

68.      The MWHL Minimum Wage Proposed Class:  All individuals that perform or performed driver, laborer, and/or helper duties related to parking lot sweeping and cleaning for Defendants' clients in Maryland, Washington, D.C., or Northern Virginia during the Class Period (i) who were paid by Defendants on a "day rate" basis and (ii) who, in any one (1) week during the Class Period, were not paid by Defendants for non-overtime hours (40 or less) at an effective hourly rate (weekly wages / weekly work hours) at least equal to the higher of the Maryland Minimum Wage or the Montgomery County, Maryland, Minimum Wage for hours worked.

11

69.     <u>The MWPCL Proposed Class</u>:  All individuals that perform or performed driver, laborer, and/or helper duties related to parking lot sweeping and cleaning for Defendants' clients in Maryland, Washington, D.C., or Northern Virginia during the Class Period (i) who were paid by Defendants on a "day rate" basis and (ii) who, in any one (1) week during the Class Period, were not paid for all hours per week at an effective hourly rate (weekly wages / weekly work hours) at least equal to the higher of the Maryland Minimum Wage or the Montgomery County, Maryland, Minimum Wage and/or (iii) who, in any one (1) week, were not paid by Defendants at the Maryland required time-and-one-half rate for all overtime worked over forty (40) hours per week.

70.     <u>Numerosity</u>:  Each proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, each proposed class comprises at least forty (40) individuals.

71.     <u>Common Questions Predominate</u>: There is well-defined commonality of interest in the questions of law and fact involving and affecting the proposed classes.  These common questions of law and fact predominate over any questions affecting members of the proposed class individually.  The common questions of law and fact include, but are not limited to, the following:

  a.  Whether Plaintiff and all Class Members are or were Defendants' "employees" for purposes of the MWHL;

  b.  Whether each of the Defendants qualified as Plaintiff and all Class Members' "employers" for purposes of the MWHL;

12

c.  Whether Plaintiff and all Class Members are or were Defendants' "employees" for purposes of the MWPCL;

d.   Whether each of the Defendants qualified as Plaintiff and all Class Members' "employers" for purposes of the MWPCL;

e.  Whether Defendants were required to pay Plaintiff and all Class Members non-overtime wages at an hourly rate at least equal to the Maryland Minimum Wage;

f.  Whether Defendants were required to pay Plaintiff and all Class Members non-overtime wages at an hourly rate at least equal to the Montgomery County, Maryland, Minimum Wage;

g.  Whether Defendants did, in fact, pay Plaintiff and all Class Members non-overtime wages at an hourly rate at least equal to the Maryland Minimum Wage;

h.  Whether Defendants did, in fact, pay Plaintiff and all Class Members non-overtime wages at an hourly rate at least equal to the Montgomery County, Maryland, Minimum Wage.

i.  Whether Defendants were required to pay Plaintiff and all Class Members overtime wages at the Maryland required time-and-one-half rate for overtime Plaintiff and the Class Members worked over forty (40) hours per week;

j.  Whether Defendants did, in fact, pay Plaintiff and all Class Members overtime wages at the Maryland required time-and-one-half rate for overtime Plaintiff and the Class members worked over forty (40) hours per week;

k.  Whether Defendants' failure to pay Plaintiff and the Class Members non-overtime and overtime wages as required by Maryland law was reasonable and/or the product of good faith; and

13

l.    Whether Defendants' failure to pay Plaintiff and the Class Members non-overtime and overtime wages as required by Maryland law was the product of a bona fide dispute between Defendants and Plaintiff and the Class Members.

72.    <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of each proposed Class Member, and the relief sought by Plaintiff is typical of the relief which would be sought by each Class Member if litigated in separate actions.

73.    All proposed Class Members were subject to the same compensation practices of Defendants, as alleged herein.

74.    Defendants' compensation policies and practices affected all proposed Class Members similarly.

75.    Plaintiffs and the proposed Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

76.    <u>Adequacy of Representation</u>: Plaintiff can and will fairly and adequately protect the interests of all proposed Class Members, and there are no known conflicts of interest between Plaintiff and any proposed Class Member.

77.    Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

78.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.

Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

79. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

80. <u>Public Policy Considerations</u>: Defendants violated the Maryland wage payment laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks

## CAUSES OF ACTION

### COUNT I
### Violation of the FLSA
### (Failure to Pay Overtime Wages)
### (On Behalf of Plaintiff and Proposed Class Members)

81.     Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

82.     Pursuant to the FLSA, Defendants were required to pay Plaintiff and the Class Members at the time-and-one-half rate for all overtime Plaintiff and the Class Members worked over forty (40) hours in any week during the Class Period.

83.     As set forth above, Defendants knowingly suffered or permitted Plaintiff and the Class Members to regularly and customarily work overtime than forty (40) in many weeks during the Class Period.

84.     As set forth above, during the Class Period, Defendants paid Plaintiff and the Class Members at a "day rate" for all hours worked each week including overtime worked over forty (40) hours per week.

85.     As set forth above, during the Class Period, Defendants failed to pay Plaintiff and the Class Members at the time-and-one-half rate for overtime rate for all overtime Plaintiff and the Class Members worked over forty (40) hours per week during the Class Period.

86.     Defendants' failure to pay Plaintiff and the Class Members at the FLSA required overtime rate for overtime worked over forty (40) hours per week during the Class Period was with actual knowledge of illegality and was not the product of good faith or objectively reasonably grounds.

87.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum

wage and overtime compensation for up to three (3) years, rather than two (2) years.

88.     Plaintiff and the Class Members are entitled to recovery of damages from Defendants as follows: (i) unpaid overtime wages due and owing in an amount to be determined at trial; (ii) statutory liquidated damages; (iii) pre-judgment and post-judgment interest; (iv) attorney's fees and costs; and (iv) all other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**Violation of the MWHL**
**(Failure to Pay Overtime Wages)**
**(On Behalf of Plaintiff and the Proposed Class Members**

89.     Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

90.     Pursuant to the MWHL, Defendants were required to pay Plaintiff and the Class Members at the time-and-one-half rate for all overtime Plaintiff and the Class Members worked over forty (40) hours in any week during the Class Period.

91.     As set forth above, Defendants knowingly suffered or permitted Plaintiff and the Class Members to regularly and customarily work overtime than forty (40) in many weeks during the Class Period.

92.     As set forth above, during the Class Period, Defendants paid Plaintiff and the Class Members at a "day rate" for all hours worked each week including overtime worked over forty (40) hours per week.

93.     As set forth above, during the Class Period, Defendants failed to pay Plaintiff and the Class Members at the time-and-one-half rate for overtime rate for all overtime Plaintiff and the Class Members worked over forty (40) hours per week during the Class Period.

94.     Defendants' failure to pay Plaintiff and the Class Members at the MWHL

required overtime rate for overtime worked over forty (40) hours per week during the Class Period was with actual knowledge of illegality and was not the product of good faith or objectively reasonably grounds.

95.    Plaintiff and the Class Members are entitled to recovery of damages from Defendants as follows: (i) unpaid overtime wages due and owing in an amount to be determined at trial; (ii) statutory liquidated damages; (iii) pre-judgment and post-judgment interest; (iv) attorney's fees and costs; and (iv) all other legal and equitable relief as the Court deems just and proper.

### COUNT III
**Violation of the MWHL**
**(Failure to Pay Minimum Wage Compensation)**
**(On Behalf of Plaintiff and the Proposed Class Members**

96.    Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

97.    Pursuant to the MWHL, during the Class Period, Defendants were required to pay Plaintiff and the Class Members at an hourly rate (or effective hourly rate) for non-overtime hours (40 or less) worked each week at least equal to the higher of the Maryland Minimum Wage or the Montgomery County, Maryland, Minimum Wage.

98.    As set forth above, during the Class Period, Defendants paid Plaintiff and the Class Members at a "day rate" for all hours Plaintiffs and the Class Members worked each week.

99.    As set forth above, in many weeks during the Class Period, the effective hourly rate (weekly wages / weekly work hours) Defendants paid Plaintiff and the Class Members calculated to a less than the higher of the Maryland Minimum Wage or Montgomery County, Maryland, Minimum Wage for non-overtime (40 or less) hours Plaintiff and the Class Members worked in that week.

100.    Defendants' failure to pay Plaintiff and the Class Members at the MWHL required applicable minimum wage week during each week of the Class Period was with actual knowledge of illegality and was not the product of good faith or objectively reasonably grounds.

101.    Plaintiff and the Class Members are entitled to recovery of damages from Defendants as follows: (i) unpaid minimum wage compensation due and owing in an amount to be determined at trial; (ii) statutory liquidated damages; (iii) pre-judgment and post-judgment interest; (iv) attorney's fees and costs; and (iv) all other legal and equitable relief as the Court deems just and proper.

### COUNT IV
**Violation of the MWHL**
**(Failure to Pay Minimum Wage Compensation)**
**(On Behalf of Plaintiff and the Proposed Class Members**

102.    Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

103.    Pursuant to the MWPCL, Defendants are and were required to pay Plaintiff and the Class Members full and timely payment of all wages earned, due and owing pursuant to Maryland law during the Class Period.

104.    Pursuant to Maryland law, during the Class Period, Defendants were required to pay Plaintiff and the Class Members for all overtime worked over forty (40) hours per week at the time-and-one-half premium overtime rate.

105.    Pursuant to Maryland law, during the Class Period, Defendants were required to pay Plaintiff and the Class Members at an hourly rate (or effective hourly rate) for non-overtime hours (40 or less) worked each week at least equal to the higher of the Maryland Minimum Wage or the Montgomery County, Maryland, Minimum Wage.

106.    As set forth above, during the Class Period, Defendants paid Plaintiff and the

Class Members at a "day rate" for all hours Plaintiffs and the Class Members worked each week.

107.    As set forth above, Defendants failed to pay Plaintiff and the Class Members at the Maryland required time-and-one-half rate for all overtime Plaintiff and the Class Members worked over forty (40) hours each week during the Class Period.

108.    As set forth above, in many weeks during the Class Period, the effective hourly rate (weekly wages / weekly work hours) Defendants paid Plaintiff and the Class Members calculated to a less than the higher of the Maryland Minimum Wage or Montgomery County, Maryland, Minimum Wage for non-overtime (40 or less) hours Plaintiff and the Class Members worked in that week.

109.    Defendants' failure to timely pay Plaintiff and the Class Members all earned wages due and owing pursuant to Maryland law each pay period, including (i) Defendants' failure to make full and timely payment to Plaintiff and the Class Members of all MWHL required time-and-one-half overtime wages and (ii) Defendants' failure to make full and timely payment to Plaintiff and the Class members of all MWHL required minimum wage compensation in each week during each week of the Class Period was with Defendant's actual knowledge of illegality and was not the product of  good faith, objectively reasonably grounds, or a bona fide dispute between Defendants and Plaintiffs and the Class Members.

110.    Plaintiff and the Class Members suffered consequential damages in the form of stress, anxiety, and loss of enjoyment of life resulting from Defendants' failure to fully and timely pay Plaintiff and the Class Members all earned wages due and required under Maryland law.

111.    Plaintiff and the Class Members are entitled to recovery of damages from Defendants as follows: (i) unpaid wages due and owing under Maryland law in an amount to be

determined at trial; (ii) statutory liquidated damages; (iii) pre-judgment and post-judgment interest; (iv) attorney's fees and costs; and (iv) all other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiff and the Class Members collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designating Plaintiff as the representative of all similarly situated Class Members under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the MWHL and MWPCL, and designating Plaintiff as the representative of all similarly situated Class Members under the MWHL and MWPCL class action;

3. Award Plaintiff and the Class Members actual damages for all unpaid wages found due to Plaintiff and the Class members, plus an award of statutory liquidated damages as provided by the FLSA, MWHL, and MWPCL;

4. Award Plaintiff and the Class Members pre- and post-judgment interest at the statutory rate;

5. Award Plaintiff and the Class Members attorneys' fees and costs calculated at this Court's Local Rules Appendix B Rates in an amount to be determined by post-judgment petition; and

6. Award Plaintiff and the Class Members further legal equitable relief as this Court deems necessary, just and proper.

Dated:  April 12, 2022                  Respectfully submitted,

                                        */s/ Gregg C. Greenberg*_____
                                        Gregg C. Greenberg, MD Fed Bar No. 17291
                                        ZIPIN, AMSTER & GREENBERG, LLC
                                        8757 Georgia Avenue, Suite 400
                                        Silver Spring, Maryland 20910
                                        (301) 587-9373 (ph)
                                        Email:  GGreenberg@ZAGFirm.com

                                        *Attorneys for Plaintiff*