IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE DAMIAN CASERAS ORTIZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:22-cv-886-TJS |
| ) | |
| GROUPCAM, LLC., ET AL. ) | |
| ) | |
| Defendants. ) | |

**SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Jose Damian Caseras Ortiz a/k/a Jose Cabes ("Plaintiff") and Defendants GroupCAM, LLC, Arnold Gordon, and Steve Rubin ("Defendants") (Plaintiff and Defendants are collectively the "Parties"), jointly request the Court approve the settlement reached in this matter. In support of this Motion, the parties state as follows:

**I.    INTRODUCTION**

Plaintiff filed this action on April 12, 2022, alleging counts for recovery for unpaid overtime compensation and wages pursuant to the Federal Fair Labor Standards Act ("FLSA"), Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL"). Following the filing and service of Plaintiff's Complaint, the Parties participated in informal discovery, exchanging relevant documents related to Plaintiff's alleged employment with or for Defendants including documents reflecting (i) Plaintiff's hours worked and (ii) Plaintiff's compensation.  Following an exchange of informal discovery, the Parties, through counsel, discussed resolution of Plaintiff's claims and, at arms-length reached a mutually agreed upon full and finial resolution of Plaintiff's claims, reflected in the fully executed Settlement Agreement attached to this Motion as Exhibit 1.

Insofar as the Parties have resolved Plaintiff's claims, on July 26, 2022, the Parties filed a Joint Motion [Dkt. 10] seeking this Court's approval of the settlement because settlement of an FLSA lawsuit must be approved by either a District Court or the U.S. Department of Labor. *Martinez v. HDS Lawn Maint. & Landscaping, Inc.*, 2017 WL 11506334, at *1 (E.D. Va. 2017).

On August 1, 2022, the Court entered an Order denying the Parties' Joint Motion, without prejudice. [Dkt. 11]. In the Court's Order, the Court identified three (3) deficiencies that required action and/or correction before the Court would approve the Parties' Joint Motion, as follows:

1. The Court observed the Joint Motion did not comply with Local Rule 102.1 because the Parties Joint Motion (i) did not identify the attorney for Defendants, Defendants' counsel had not entered his appearance in this case, and Defendants' counsel did not sign the Joint Motion. These deficiencies have now been corrected and resolved. Defendants' counsel is Robert M. Gittins, Esq., of the law firm Eccleston & Wolf, P.C., Mr. Gittins has entered his appearance in this case on behalf of all Defendants [dkt. 12], and Mr. Gittins' signature is affixed to this Second Joint Motion for Approval.

2. The Court observed that it is not sufficiently familiar with the experience of Defendants' counsel for purposes of considering and/or approving the Parties' settlement. This deficiency has now been corrected and resolved. Attached hereto is a sworn declaration, signed by Mr. Gittins, affirming his personal experience sufficient to satisfy the Court that Defendants were well represented and advised in this litigation and that the Parties' settlement is supported by competent and experienced counsel representing Plaintiff and Defendants. *See* Declaration of Robert Gittins, Esq., attached hereto as Exhibit 2.

3. The Court observed and noted a typo on page six (6) of the Parties' Joint Motion, incorrectly identifying that Plaintiff's counsel will receive $27,500.00, in attorney's fees and litigation expenses as part of the settlement. This mistake has been corrected in this Second Joint Motion to reflect, with consistency throughout the submission, that Plaintiff's counsel will receive a total sum of $9,900.00 in attorney's fees and costs from the Parties' settlement. *See infra*.

Insofar as the Parties have addressed, corrected, and resolved the filing deficiencies observed by the Court, the Parties re-submit the following argument in favor of the Court approving the Parties' settlement and re-new their request the Court approve the Parties' Settlement as a fair and reasonable settlement of Plaintiff's disputed FLSA overtime compensation claim filed against Defendants.

## II.     THE COURT SHOULD APPROVE THE SETTLEMENT

The standards for approval of an FLSA settlement were reviewed in *Brockman v. Keystone Newport News, LLC*, 2018 WL 4956514 *2 (E.D. Va. 2018), as follows:

> In evaluating a FLSA settlement agreement, the Court must determine three things: (1) that the FLSA issues are "actually in dispute"; (2) that the settlement is a "[r]easonable compromise over the issues"; and (3) if there is a clause on attorneys' fees then the award must reasonable and independently assessed. *Hendrix v. Mobilelink Va.*, L.L.C., No. 2:16-cv-394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017) (citations omitted). Generally, "where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute,' the settlement will be approved. *Duprey v. Scotts Co. L.L.C.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (quoting *Lynn's Food Stores*, 679 F.3d at 1354).[1]

As set forth in greater detail below, the settlement satisfies the requisite criteria.

### A.     The Settlement Resolves a Bona Fide Dispute of FLSA Claims.

---

[1] *Lynn's Food Stores v. United States*, 679 F.3d 1350 (11th Cir. 1982).

3

The Parties' FLSA settlement represents a resolution of a *bona fide* dispute. During the relevant statutory recovery period of April 2019 through December 2020, Plaintiff alleges that he was employed by Defendants to perform approximately 55-60 weekly hours of non-exempt parking lot sweeping/cleaning duties in Virginia and Maryland, for which Defendants paid Plaintiff bi-weekly "day rate" wages ranging from $950.00 - $1,000.00 per bi-weekly pay period. Arising therefrom, Plaintiff alleges Defendants failed to pay Plaintiff at the FLSA and Maryland required time-and-one-half rate for overtime Plaintiff worked for Defendants' benefit in excess of forty (40) hours per week.

Defendants defend and vigorously oppose Plaintiff's FLSA / Maryland wage claims, primarily, on four (4) defenses, as follows:

i. Defendants contend that all times during their relationship, Plaintiff was a non-employee contractor and was never Defendants' employee. As such, Defendants contend Plaintiff is not covered or otherwise entitled to receive time-and-one-half overtime wages under the FLSA or Maryland law.

ii. Defendants assert Plaintiff performed his duties exclusively (with de minimums exceptions) within the Commonwealth of Virginia. As such, Defendants assert that Plaintiff's claims for relief under Maryland law are not available to Plaintiff.

iii. Defendants assert that Plaintiff grossly overestimates his compensable hours during the relevant period and that Plaintiff did not work overtime over forty (40) hours per week and that the compensation Defendants paid to Plaintiff was sufficient to meet any / all legal obligations to Plaintiff under all applicable Federal and state employment laws.

> iv. Finally, Defendants contend that even if Plaintiff is entitled to a recovery of unpaid wages in this action, any failure by Defendants to pay Plaintiff was the product of a good faith oversight. As such, Defendants assert Plaintiff is not entitled to recover statutory liquidated damages and/or unpaid wages or damages beyond the standard FLSA 2-year statutory recovery period.

**B.  The Settlement Agreement is a reasonable compromise.**

This Court considers the following in determining whether the settlement is a "reasonable compromise,":

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Brockman v. Keystone Newport News, LLC*, 2018 WL 4956514 at *2 (quoting *Hendrix v. Mobilelink Va., L.L.C.*, 2017 WL 2438067, at *1).

### i.  Extent of Discovery

The settlement was reached after the Parties participated in a voluntary and cooperative exchange of informal discovery. At the time of settlement, the Parties were fully aware of the factual and legal support of the Parties' claims and defenses, and the settlement reached fully considers the strengths and weaknesses of the Parties' positions.

### ii.  Stage of Proceedings

The Parties reached settlement at an early stage of the litigation, but at a time where the Parties were in full recognition of the risks to each side. Furthermore, this matter was resolved prior to the Parties prior to incurring substantial fees and costs associated with continued litigation of this matter.

### iii. Absence of Fraud or Collusion

There is presumptively no fraud or collusion between the parties "in the absence of any evidence to the contrary." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *12 (E.D. Va. Sept. 28, 2009). The Parties reached settlement after a period of informal discovery and through arms-length negotiations conducted by the Parties' self-selected legal counsel. The settlement and negotiations were devoid of any indicia of fraud or collusion.

### iv. Counsel's Experience

Counsel for both sides have extensive experience with FLSA cases.

### v. Opinions of Both Parties Counsel

Counsel for both sides believe the settlement is fair and reasonable.

### vi. Probability of Plaintiff's Success and Potential Recovery

As noted above, Plaintiff's FLSA claims are highly disputed and if Defendants succeed on their position, Plaintiff would be entitled to zero recovery. Despite the *bona fide* dispute as to the merits and Plaintiff's entitlement to any recovery, the Parties agreed to a dismissal of Plaintiff's claims, with prejudice, in exchange for a settlement payment by Defendants to Plaintiff in the total amount of Twenty-Three Thousand Five Hundred Dollars ($23,500.00), as well as non-monetary terms as set forth in the Agreement. The settlement payment will result in a recovery in a settlement payment to Plaintiff in the amount of Thirteen Thousand Six Hundred Dollars ($13,600.00), for claimed unpaid wages and damages and payment for Plaintiff's attorney's fees and litigation expenses in the amount of Nine Thousand Nine Hundred Dollars ($9,900.00). Plaintiff's individual recovery from the settlement payment represents approximately 2x Plaintiff's claimed unpaid FLSA overtime wages for the 2-year non-willful FLSA statutory recovery period, and excludes recovery under Maryland/Montgomery County law. This amount

is eminently fair considering both parties face risk and uncertainty as to success on the merits, as described in further detail *supra*.

      C.     **The attorneys' fees and costs are reasonable.**

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fee fight over the amount of attorneys' fees, the parties here were able to reach a resolution of the claim for attorneys' fees and costs.

The Settlement Agreement provides that Plaintiff's counsel will receive $9,900.00 as payment of Plaintiff's attorney's fees and out-of-pocket litigation expenses. In determining an award of reasonable attorney's fees, the Court must determine a lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In assessing the reasonability of the lodestar figure, the Court customarily references the "*Johnson* factors" enumerated in *Johnson v. Georgia Highway Express., Inc*., 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc*., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. at 226 n.28.3[2]

      To calculate the proper award of attorneys' fees, the Court should "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir. 1986). In determining whether Plaintiff's counsel Gregg C. Greenberg's settlement fee and cost recovery is reasonable, this Court references the hourly rates in the legal community where this action is litigated. *See Robinson*, 560 F.3d at 244.

      Plaintiff's counsel Gregg C. Greenberg[3]'s lodestar at the time of settlement calculated to attorney's fees in the amount of $10,115.00, representing 23.8 hours of attorney billing at the billing rate of $425.00 per hour, plus an award of litigation expenses in the amount of $502.00. Given the risks associated with continued litigation and trial in this matter, and because Plaintiff was satisfied with a recovery of damages in the amount of $13,600.00, Gregg C. Greenberg, agreed to reduce his settlement recovery of attorney's fees and costs to $9,900.00. Based upon the foregoing, the attorney fee and cost recovery set forth in the Parties' Settlement Agreement is fair and reasonable.

---

[2] "The court need not independently address each factor because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

[3] Gregg C. Greenberg received my Juris Doctor from the University of Detroit Mercy School of Law in May 2007 and has been licensed to practice law continuously since 2007. He is licensed to practice law in Federal and State courts in Maryland, Virginia, and the District of Columbia. Every year since 2014, he has been nominated by his peers as a Super Lawyer in Maryland and the District of Columbia in the practice area of Employment Litigation for Plaintiffs and he currently serves as the Vice President of the Maryland Employment Lawyers Association. For the entirety of his legal career, he has concentrated my law practice on representing individuals and classes of individuals with claims related to their employment, with a focus on prosecuting state and Federal wage and hour claims. Gregg C. Greenberg bills hourly paying clients at the rate of $425.00 per hour, a rate that is customary and reasonable for Federal Court litigators in Maryland.

**CONCLUSION**

For the foregoing reasons, the parties jointly request that the Court approve the Settlement Agreement and enter the Proposed Order provided as an attachment to the Parties' Joint Motion, thereby dismissing Plaintiff's Complaint, with prejudice.

Dated: August 3, 2022          Respectfully submitted,

                                               ___/s/__Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*

          ___/s/__Robert M. Gittins_____
Robert M. Gittins, Bar No. 28240
Eccleston & Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
Phone: 410-752-7474
Email: gittins@ewmd.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was caused to be served this 3rd day of August 2022, a true and correct copy of the foregoing Second Joint Motion for Settlement Approval was served electronically on all counsel of record by and through the Court's ECF System.

                                               ___/s/__Gregg C. Greenberg_____
Gregg C. Greenberg